UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-CV-24936-PCH

SREAM, INC., a California Corporation,

    Plaintiff,

vs.

LB SMOKE SHOP, INC., a Florida Corporation,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on the Defendant, LB Smoke Shop, Inc.'s ("LB Smoke Shop['s]"), Motion to Dismiss and Motion for Involuntary Dismissal (the "Motion") [D.E. 24], filed May 4, 2017. The Plaintiff, Sream, Inc. ("Sream"), filed a Response in Opposition to the Defendant's Motion on May 18, 2017. [D.E. 25]. LB Smoke Shop chose not to file a reply, believing its arguments were sufficiently set forth in its Motion. The Court has carefully considered the Motion, the Response, pertinent portions of the record, and applicable law. For the reasons that follow, the Court DENIES the Motion.

### I. BACKGROUND[1]

On November 28, 2016, Sream initiated this action by filing a Complaint against LB Smoke Shop (the "Original Complaint"). [D.E. 1]. On April 19, 2017, Sream filed the Amended Complaint at issue in LB Smoke Shop's Motion. [D.E. 23]. In the Amended Complaint, Sream alleges Lanham Act violations, including trademark infringement in violation of 15 U.S.C. § 1114 [Am. Compl. at ¶¶ 36–51], trademark counterfeiting in violation of 15 U.S.C. § 1116 [id. at ¶¶ 52–61], and false designation of origin/unfair competition in violation of 15 U.S.C. § 1125(a) [id. at ¶¶ 62–71]. Sream also alleges that LB Smoke Shop's conduct violated the Florida Deceptive and Unfair Trade Practices Act. [Id. at ¶¶ 72–76]. Sream claims that as a

---

[1] Sream's allegations must be accepted as true at the motion to dismiss stage, and the Court's recitation of the facts is therefore based upon the allegations set forth in Sream's Amended Complaint.

result of LB Smoke Shop's wrongdoing it is entitled to statutory damages and attorney's fees and costs.

According to Sream, Martin Birzle, doing business as RooR, is an "award-winning designer and manufacturer of smoker's products." [Am. Compl. at ¶ 9]. Although RooR is headquartered in Germany, its innovative product designs are recognized worldwide. [*Id.*]. In fact, RooR considers itself to be the "premier manufacturer of glass water pipes." [*Id.* at ¶ 10]. RooR is the exclusive owner of federally-registered and common law trademarks. [*Id.* at ¶ 14]. These trademarks include: U.S. Trademark Registration Numbers 3,675,839 (for the word mark "RooR" and its logo, in association with goods further identified in the registration in international class 034); 2,307,176 (in association with goods in international classes 025 and 034); and 2,235,638 (in association with goods in international class 021), as well as common law and unregistered state law rights in variants of the RooR trademarks. [*Id.*]. Since at least August 2013, Sream has been the exclusive licensee of the RooR trademarks in the United States. [*Id.* at ¶ 12]. By the terms of its licensing agreement, Sream has manufactured, marketed, and distributed RooR water pipes and other smoker's articles. [*Id.*].

LB Smoke Shop operates a "retail smoke shop / grocery / convenient store" in Miami, Florida. [Am. Compl. at ¶ 8]. Sream alleges that LB Smoke Shop has engaged in the "unlawful importation, manufacture, retail sale and/or wholesale sales of counterfeit RooR branded water pipes and related parts." [*Id.*]. Specifically, Sream claims that LB Smoke Shop sold for a profit at least one counterfeit water pipe affixed with a "substantially similar, if not an exact copy, of the RooR trademark." [*Id.* at ¶¶ 22–24, 28]. Sream further claims that it has been harmed by LB Smoke Shop's activities through lost profits and loss of the "benefit of the goodwill of the RooR trademark." [*Id.* at ¶ 26].

On February 7, 2017, LB Smoke Shop filed a motion to dismiss Sream's Original Complaint for failure to state a claim. [D.E. 12]. LB Smoke Shop argued, in part, that Sream had failed to show standing by failing to state an interest in the trademarks at issue. [*Id.* at 4–6]. LB Smoke Shop pointed out that although Sream claimed to have been granted an exclusive license pursuant to an agreement with an entity called RooR, the trademark registrations are not in the name of RooR, but in the name of Martin Birzle, and "[t]here is no assignment recorded with the [United States Patent and Trademark Office ("USPTO")] and no license or assignment from the trademark owner pled in the Complaint." [*Id.* at 5]. On April 5, 2017, the Court held a hearing

on LB Smoke Shop's motion, and thereafter issued an order requiring Sream to file an amended complaint "set[ting] forth such allegations and supporting documents as are necessary to establish a complete chain of interest from the owner of the federally-registered RooR trademarks to the Plaintiff, which is necessary to establish the Plaintiff has standing to bring this action." [D.E. 19].

In moving to dismiss Sream's Amended Complaint, LB Smoke Shop now argues that Sream has failed to comply with the Court's April 5, 2017 Order. According to LB Smoke Shop, Sream has simply repackaged the allegations of its Original Complaint, which the Court has already determined were insufficient. [Mot. at 4–5]. LB Smoke Shop contends that Sream has not met its pleading requirement because it is "only labeling itself as the exclusive license holder of the trademarks without providing any factual backing." [Mot. at 3]. Relatedly, LB Smoke Shop contends that Sream has failed to establish a legal and enforceable right to the "RooR" mark because "[t]here is no documentary evidence attached to the complaint or assignment recorded with the USPTO and no license or assignment from the trademark owner pled in the Complaint." [*Id.*]. LB Smoke Shop asks the Court to dismiss Sream's Amended Complaint with prejudice.

In response, Sream argues that the allegations set forth in its Amended Complaint are sufficient, because they show that Sream is the exclusive licensee for the RooR trademarks pursuant to a licensing agreement between Sream and the federally-registered owner of the trademarks. [Resp. at 2–3]. According to Sream, assignees of a trademark have standing to sue for trademark infringement under the Lanham Act, and exclusive licensees like Sream are equated with assignees for purposes of determining standing. [*Id.* at 3]. Although Sream acknowledges that it did not attach "supporting documents" to its Amended Complaint as it was encouraged to do by the Court's April 5, 2017 Order, it claims that this was not a "contemptuous act of non-compliance," but was instead based on "a good faith belief that evidence was not necessary to support the well-pled allegations of [Sream's] Amended Complaint." [*Id.* at 4–5]. In any event, Sream has attached as an exhibit to its Response the agreement pursuant to which it claims to have an exclusive license. [D.E. 25-1].

3

## II. LEGAL STANDARD

### a. Fed. R. Civ. P. 12(b)(1)[2]

A claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) if a federal court lacks subject matter jurisdiction to hear the claim. *See* Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A party can move to dismiss a claim under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations and citations omitted). By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony. *Id.* at 1251. The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

### b. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, courts apply the pleading standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

---

[2] LB Smoke Shop's Motion clearly and unequivocally seeks dismissal for lack of standing. Because standing is a defect in subject matter jurisdiction, the Court finds that LB Smoke Shop seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(1) — even though Rule 12(b)(1) is not discussed in the Motion.

When considering a motion to dismiss, courts must construe the plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all of the facts upon which he bases his claim. *See* Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *See Twombly*, 550 U.S. at 555–56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction," and they "possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). The doctrine of standing limits the categories of "cases" and "controversies" that a court may hear to those that are "appropriately resolved through the judicial process." *Id.* at 560 (internal quotation and citation omitted). The first element of standing is an "injury in fact," which requires "an invasion of a legally protected interest." *Id.*

Absent legal title to a registered trademark, a plaintiff lacks the legally protected interest necessary to establish standing to bring a trademark claim under the Lanham Act. *See* 15 U.S.C. § 1127; *see also Fla. Virtual Sch. v. K12, Inc.*, 735 F.3d 1271, 1273 (11th Cir. 2013); *Gaia*

*Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996), *amended in part on reh'g*, 104 F.3d 1296 (Fed. Cir. 1996). However, trademarks — like other personal property — may be conveyed from the registrant to others. *Gaia Techs.*, 93 F.3d at 777; *see also* 15 U.S.C. § 1060. Further, "a truly exclusive licensee, one who has the right even to exclude his licensor from using the mark[,] is equated with an assignee" for the purpose of bringing suit to enforce the mark. *Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 531–32 (7th Cir. 1998) (internal quotation and citation omitted). Therefore, if the Amended Complaint sufficiently alleges that Sream held the rights to the RooR trademarks as exclusive licensee at the time the suit was filed, Sream's allegations are sufficient to show it has standing to bring its claims.

In Sream's Original Complaint, Sream alleged that RooR was the owner of the federally-registered and common law RooR trademarks, and that Sream was the exclusive licensee of those trademarks pursuant to a "RooR-Sream agreement." [D.E. 1 at ¶ 11]. The Court found these allegations were insufficient because the USPTO registrations for the RooR trademarks listed Birzle — and not RooR — as the registrant and owner. Because no assignment from Birzle to RooR is listed in the USPTO registry, and because Sream did not allege or provide any documentation showing Birzle transferred his interest in the trademarks, the Court found Sream had not carried its burden of showing it had standing.

Although LB Smoke Shop argues that Sream's Amended Complaint suffers from the same deficiencies as its Original Complaint, the Court disagrees. Sream did not even mention Birzle in its Original Complaint. But Sream alleges in its Amended Complaint that Birzle is doing business as RooR [Am. Compl. at ¶ 9], and that "RooR (i.e., Martin Birzle)" is the exclusive owner of the trademarks [*id.* at ¶ 14]. Sream also alleges that "[s]ince at least August 2013, . . . [Sream] has been the exclusive licensee of the RooR Mark in the United States" and "has been granted all enforcement rights to obtain injunctive and monetary relief for past and future infringement of said trademarks." [*Id.* at ¶¶ 12, 37]. Sream claims to have used the mark "extensive[ly]," and notes that it has "built up and developed significant goodwill in the entire RooR product line." [*Id.* at ¶ 13].

To be sure, Sream's allegations relating to its licensing agreement with Birzle could be more specific, but collectively they are adequate to show it has standing. This is because, taken as true and construed in the light most favorable to Sream, the allegations establish a complete chain of interest from Birzle, the owner of the federally-registered RooR trademarks, to Sream.

The Court can plausibly infer that at all material times for purposes of the alleged infringement, counterfeiting, and false designation of origin/unfair competition claims, Sream was the exclusive licensee of the RooR trademarks.

Because LB Smoke Shop challenged the factual basis for Sream's jurisdiction with evidence of the USPTO registrations [D.E. 12-3, 12-4, 12-5], Sream had an obligation to provide "competent proof" to support its jurisdictional allegations. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 198 U.S. 178, 189 (1936). Sream has fulfilled this obligation by filing its August 1, 2013 licensing agreement with Birzle (the "Agreement"). [D.E. 25-1]. The Agreement supports Sream's allegations because it purports to grant Sream an exclusive license to the trademarks at issue, along with full enforcement rights. [*Id.* at §§ 1.2, 2.4]. As the Agreement is between Birzle and Sream — and not RooR and Sream, as Sream confusingly alleged in its Original Complaint [D.E. 1 at ¶ 11] — it clarifies that there is, in fact, an unbroken chain of interest from Birzle to Sream.

## IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that LB Smoke Shop's Motion to Dismiss and Motion for Involuntary Dismissal [D.E. 24] is **DENIED**. LB Smoke Shop shall have until **Wednesday, July 5, 2017**, to file an answer to Sream's Amended Complaint.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 23 day of June, 2017.

PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

Copies furnished to:
All Counsel of Record